OPINION
Appellant, Angie Schreiber, appeals from the judgment of the Paulding County Court of Common Pleas, Juvenile Division, which terminated her parental rights and granted permanent custody of her two children, Jessica Eblin, born May 25, 1992, and Bobby Evans II (Bobby II), born September 30, 1995, to the Paulding County Department of Human Services (DHS).[1]
On April 27, 1995, DHS filed a complaint for protective supervision of three children, Jessica Eblin, Derrick Schreiber, and Morgan Evans, when they were living with the appellant (natural mother of Derrick and Jessica) and her boyfriend, Bobby Evans (natural father of Morgan). Appellant was married to Derrick's father at that time. Upon DHS's complaint, the trial court granted DHS "immediate protective supervision" of Jessica and Morgan but Derrick was to be placed in the temporary custody of his natural father pending further legal proceedings. After an adjudicatory hearing was held, the trial court found that Derrick was an abused child and that Jessica and Morgan were dependent children. The court's dispositional decision on the status and custody of the children remained the same.
On August 29, 1995, DHS filed a motion to modify the protective supervision of Jessica to temporary custody. This motion alleged that Jessica was involved in a domestic violence incident when she lived with appellant and Bobby and that there was concern appellant was providing her with an unstable home environment since her removal from Bobby's home. The trial court granted "immediate temporary custody" to DHS on the same day. After an evidentiary hearing was held on October 5, 1995, DHS was awarded temporary custody of the child.
On September 30, 1995, appellant gave birth to a premature baby son, Bobby Evans, II. Shortly after the baby's birth, the DHS filed a motion for temporary custody. Upon his release from the hospital, the court granted "immediate temporary custody" of Bobby II to DHS pending further legal proceedings. After a hearing was held, the court granted DHS's motion.
On March 21, 1997, DHS filed its motion for permanent custody of Jessica and Bobby II, alleging that the parents had failed to accomplish the goals of the case plan. In the same motion, DHS moved the court for termination of protective supervision for Derrick and Morgan. After a review hearing held shortly thereafter, the court ordered that the protective supervision be terminated. An evidentiary hearing followed on permanent custody and the trial court concluded that it was in the children's best interests that permanent custody be granted to DHS. The court further concluded that the children could not be placed with either of their parents within a reasonable time and should not be placed with their parents. As a result of these determinations, the trial court ordered that appellant's parental rights be terminated and granted permanent custody of the children to DHS.
Appellant now appeals from the trial court's judgment and raises the following two assignments of error:
 The trial court abused its discretion and erred as a matter of law by finding that the appellant-mother's minor children cannot be placed with either of [their] parents within a reasonable time or should not be placed with [their] parents.
 The trial court erred as a matter of law when it found that it is in the best interest of the minor children to permanently terminate the parental rights of the appellant-mother and grant permanent custody of said children to the Paulding County Department of Human Services.
Pursuant to R.C. 2151.414(B), the trial court may grant permanent custody to DHS if the court determines by clear and convincing evidence that it is in the best interest of the child to do so and if the court determines that "* * * the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents[.]" When determining the best interest of the child, the trial court must consider all relevant factors, including but not limited to, those enumerated in R.C. 2151.414(D). Those enumerated factors include,inter alia, the child's interaction and interrelationship with his parents, the wishes of the child as expressed through his guardian ad litem, the custodial history of the child, and the child's need for a legally secure permanent placement.
In determining whether a child cannot or should not be placed with either parent within a reasonable time, R.C. 2151.414(E) requires that the court consider all relevant evidence, finding by clear and convincing evidence, that one or more of the enumerated factors exist that would prohibit placement of the child with one of his parents. These factors include:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child[.]
Appellant argues that the record does not support the trial court's determinations of what was in the children's best interest and that the children cannot and should not be placed with appellant. Appellant additionally claims that the trial court failed to specify which statutory factors it found applicable in making the requisite determinations. However, it should be noted that R.C. 2151.414(C), which specifically governs the permanent custody order in this case, requires findings of fact and conclusions of law only upon a timely request. In Re Eppinger
(Feb. 24, 1994), Cuyahoga App. No. 64968, unreported. There is no indication in the record that the trial court had been requested to enter findings of fact or conclusions of law. Moreover, we note the trial court's order states that it considered the relevant statutory provisions set forth in R.C. 2151.414.
Upon review of the record in this case, we note initially that the DHS has been involved with these parents over a two-year period. Some of the case plan objectives established by DHS for reunification included that the parents attend an alcohol and drug program, that they participate in mental health counseling, and that they attend parenting classes. The plan also called for appellant to maintain stable housing.
At the permanent custody hearing, the social worker assigned to this case testified that the parents did complete the parenting classes. The caseworker further testified that appellant sporadically attended the Five County Alcohol and Drug Program during the period of October 1995 to April 1996. Appellant also participated in nine individual counseling sessions, despite missing four sessions. While appellant did participate in additional counseling with Bobby, the testimony of the caseworker indicates they ended this treatment because of a disagreement about the nature of the services to be provided. Appellant subsequently attended six out of ten domestic violence prevention group sessions in January and February 1997, but then stopped attending the sessions. The licensed social worker responsible for this program reported that because no goals were ever established with appellant, these services were incomplete at that time.
The record further demonstrates that at the time of the final hearing in this matter, appellant had maintained her apartment for only three months. According to the caseworker, appellant's new apartment, in which she intended to live with the children, had one small bedroom and only two twin beds. In addition to her concern over the inadequacy of the apartment itself, the caseworker noted concern with the fact that appellant would maintain the apartment from child support payments by Bobby, ADC funds and food stamps after the children were placed with her. Appellant was currently unemployed and Bobby admitted during his testimony that he was supporting this apartment.
It was also a concern that if appellant is unable to meet the apartment expenses, then she would move back to Bobby's home. The caseworker's testimony clearly indicates that the concern for the children in that home was the abusive situation which caused the children to be removed and the fact that they were subject to an unstable home environment the various times the parents separated. The record demonstrates these issues of conflict and violence in the relationship have never been resolved by counseling or treatment.
The record demonstrates that despite appellant's attempt to comply with the goals of the case plan, it is the opinion of both the DHS caseworker and the social service supervisor that appellant has failed to satisfactorily accomplish those requirements. Additionally, it was the recommendation of the children's guardian ad litem that the DHS be granted permanent custody. From the foregoing, it is clear that appellant did not substantially remedy the conditions which prompted the children's removal during the two-year course of this case. Rather, several concerns remained if the children were to be placed with appellant. The record above likewise unambiguously demonstrates that appellant lacked commitment to the children to provide an adequate permanent home for them. It is doubtful that appellant will be able to maintain the new residence which would accommodate the children.
Thus, based on our review of the record, the record contains sufficient evidence to support the trial court's permanent custody determinations under R.C. 2151.414. Accordingly, both of the appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.
[1] Bobby's natural father was also a party in the termination proceeding, but he has not appealed the judgment of the trial court. However, paternity was never established to determine Jessica's natural father nor was a reputed father named.